By the Court.—Spencer, J.
I hold that the policy issued upon this application was delivered and accepted by the assured as the contract of assurance, and is the contract to be considered by the court.
That the written permission of the defendants, given to Waldron, affected only the contract existing between defendants and the assured at the time the permission was given. That by its terms as compared with the agreement between the parties at the time and the contract as made by the issue and acceptance of the policy, this permission was not intended by the parties to be incorporated into the policy ; it was a temporary condition or permission made for the convenience and benefit of the assured, to enable him to travel, between October 22nd and November 1st, 1863, south of the line, that he and his agent and defendant’s agent believed and assumed would be proscribed by the policy when it issued. The policy is dated of the 28th of November, 1863, and could not be affected by this permission, except by the literal terms of the same, which included no permission to reside at, but only u to proceed to New Orleans.” No reasonable construction of this permission would extend it as a permission to reside south of thirty-six degrees thirty minutes, even if held to apply to the policy. Its utmost limit of construction would only permit the assured to proceed to New Orleans after its date, and return north of the proscribed line, , before July 1st of the next year. Therefore the conclusion of the learned justice, that the interpolation of *463 the same in the policy conld not benefit the plaintiff, was correct; and his refusal to reform the policy so as to include it forms no basis for the reversal of this judgment.
After a full consideration of all the exceptions of the plaintiff to the rulings of the court below, I find nothing in the caise to justify a reversal.
Upon the argument of this appeal the question was raised by the learned chief justice, “Whether the policy itself, in its several terms and conditions, contained any prohibition against the assured residing south of thirty-six degrees thirty minutes north latitude at any portion of the year. The question appeared to be one that had not been considered nor acted upon by either party prior to the argument. I think this is the only serious question in the case, and the only one I propose to discuss.
From a full review of the case, I conclude no such question arose before the judgeupon the trial. N"o one suggested any doubt as to the effect of the agreement or contract of assurance as contained in the policy. Plaintiff sought to overcome an assumed prohibition, by proof of this consent or permission, and of the terms of assurance made between the parties prior to the issue of the policy, and sought a reformation of the policy so as to conform the same to the conditions of the application. The judge, in his findings, states this prohibition as existing in the policy, and the plaintiff’s attorney finds no fault with nor takes exception to the same. So much for the views and actions of the parties, and of the court below. I consider this policy as a very imperfect instrument, so far as expressing clearly the prohibition claimed, and which seems to have been understood by the parties-.
The defendants appear to be an English company, doing business at Liverpool, but their policy is dated and apparently issued at New York, and assures the *464 life of a citizen of New York who pays the premium or consideration of assurance to their New York agent. It contains a condition in the body of the policy, that if the assured, departs beyond the limits of Europe, without the consent of the' company indorsed on the policy, that the policy shall cease and be void. If there were no terms nor conditions subsequently expressed, that changed or affected this condition, I should hold that the policy was void on its face, because of the contradiction of its terms or the impossibility of the same being fulfilled by the assured, or reconciled with the status of the parties at the time of its execution. But the wisdom of the directors, of counsel of defendants, have sought a remedy for these things, and have caused a memorandum to be indorsed on the policy which allows the assured to reside and travel beyond the limits of Europe, and to travel and reside in any place in the United States south of thirty-six degrees thirty minutes north latitude, from November 1st to July 1st. If the prohibition contained in the body of the policy and the exception or conditions in the memorandum are to be read and construed together, then the policy contains the desired prohibition.
I-am satisfied, if the policy alone was before us, that we should have great doubt as to the intention of the parties in regard to any prohibition being contained in the policy itself; yet I think it is one of those contracts where the meaning of the words or terms used are of that doubtful or unintelligible character, that parol testimony should be admitted to explain the same. With the whole evidence in this case before us, especially this written permission, I am satisfied that a just and reasonable construction of this contract would cause the condition in the body of the policy, and in the memorandum indorsed thereon, to be read and construed together, and that the prohibition assumed and understood by both parties exists, and has force *465 thereby. I hold, therefore, that this policy is to be considered in this review on appeal, as if the condition in the body of the policy read as follows: “ Provided also that in case' the said assured shall at any time depart beyond the limits of Europe, excepting in traveling or residing in any part of the United States to the northward of thirty-six degrees thirty minutes north latitude, and in any pari south of that line be-the first day of November and the first day of July, then and in such case this policy shall cease and be void,” &c. This construction of the policy admits the prohibition, and therefore, the residence of the assured in the South, during the year 1864, against the terms thereof, released the defendants from the conditions of assurance.
I conclude,this judgment should be affirmed, with costs.